UNITED STATES COURT OF APPEALS
FOR THE FEDERAL CIRCUIT

IN RE VELCRO IP HOLDINGS LLC

Appeal No. 2025-1607

**APPELLEE'S MOTION FOR REMAND**

Appellee, Acting Director of the United States Patent and Trademark Office ("USPTO"), respectfully moves to remand this case to the USPTO to permit further proceedings before the agency. Counsel for Appellant Velcro IP Holdings LLC indicates that Velcro does not oppose the relief sought and will not file a response.

In this appeal, Velcro challenges the Board's decision affirming the rejection of claims 19, 24-33, and 35-39 in Velcro's patent application no. 17/567,188. The patent application concerns male touch fastener products. Representative claim 19 recites a male touch fastener product which requires, among other things, "the ratio of Edge Flex Ratio to Stem Bending Coefficient is between 0.3 and 6.0." The specification defines the Edge Flex Ratio and Stem Bending Coefficient, and the ratio between the two involves five separate variables representing various measurements of a male touch fastener product. The examiner rejected claim 19 as obvious in view of a single prior art reference, U.S. Patent Application Publication

1

No. 2013/0067702 ("Tuma"). Tuma does not identify the Edge Flex Ratio or Stem Bending Coefficient and therefore does not disclose a ratio within the claimed range.

The Board determined that the Examiner did not err in finding that the claim would have been obvious in view of Tuma because "the prior art and knowledge of one of ordinary skill in the art support that the claimed ratio (although not identified/named as such) affects a result of attachment/separation forces (i.e., is a result-effective variable) and that it is desirable to change the claimed ratio so as to affect a result . . . to increase or decrease separation/attachment forces." Appx15. A variable is "result-effective" if its "optimization [is] within the grasp of one of ordinary skill in the art." *In re Applied Materials, Inc.*, 692 F.3d 1289, 1295 (Fed. Cir. 2012); *see also id.* at 1297 (explaining that "[a] recognition in the prior art that a property is affected by the variable is sufficient to find the variable result-effective").

Velcro argues in its opening brief that the Board erred because, in its result-effective variable analysis, it failed to consider the proper "variable," namely, the claimed ratios themselves, and considered only whether two of the five dimensions used to calculate the claimed ratios are result-effective. *See* Br. at 31-35. The Board focused solely on two variables directed to the (1) fastener height and (2) overall lateral extent of the fastener head. Appx7-8. The Board found that because

the record supports that at least these two variables are result-effective, each of the overall claimed ratios is result-effective. *Id.* The USPTO acknowledges that the Board erred in its result-effective variable analysis by failing to find that the claimed ratios were recognized in the prior art as being results effective. Thus, if this appeal proceeds, the USPTO will concede that error.

The USPTO therefore believes that it is in the best interest of the parties and this Court to remand the case back to the Board.[1] Upon remand, the Board will reconsider the Examiner's obviousness rejection. A remand will promote judicial efficiency and conserve the resources of the Court and the parties. Therefore, the USPTO urges the Court to grant the motion for remand.

Because this motion if granted, would terminate the appeal, the time to serve and file the next brief due is suspended. *See* Fed. Cir. R. 31(c).

## CONCLUSION

Accordingly, the USPTO respectfully requests that the Court remand this appeal to the Board to permit further proceedings before the Board.

---

[1] The USPTO understands that Velcro plans to seek leave to submit a brief on remand that includes (1) arguments and evidence it believes the Board failed to consider properly; (2) new argument based upon *Janssen Pharms., Inc. v. Teva Pharms. USA, Inc.*, 141 F.4th 1367, 1375 (Fed. Cir. 2025); and (3) any other argument permitted under 37 CFR § 41.52. *See* 37 CFR 41.47(e)(2); 37 CFR § 41.52. Although the Board alone is empowered to rule on such a request, counsel for the USPTO would not object to such briefing.

Respectfully submitted,

August 12, 2025                     /s/ Michael S. Forman_____

AMY J. NELSON
Acting Solicitor

ROBERT J. MCMANUS
Acting Deputy Solicitor

MICHAEL S. FORMAN
MONICA B. LATEEF
Associate Solicitors

Office of the Solicitor
U.S. Patent and Trademark Office
Mail Stop 8, P.O. Box 1450
Alexandria, Virginia 22313

*Attorneys for the Acting Director of the United States Patent and Trademark Office*

# **CERTIFICATE OF COMPLIANCE**

I hereby certify pursuant to FRAP 27(d)(2)(A) and 32(g)(1) that the foregoing motion complies with the type volume limitation. The total number of words in the foregoing motion is 670, as calculated by Microsoft Word.

/s/ Michael S. Forman_____
MICHAEL S. FORMAN
Associate Solicitor
United States Patent & Trademark Office
Mail Stop 8
P.O. Box 1450
Alexandria, Virginia 22313-1450